UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YORKSHIRE VILLAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05CV169 FRB |
| ) | |
| SCIENTIFIC IMAGE CENTER ) | |
| MANAGEMENT, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Presently pending before the Court is plaintiff Yorkshire Village, Inc.'s Motion for Summary Judgment (filed June 23, 2006/ Docket No. 18), defendants' response (filed July 31, 2006/Docket No. 27), and plaintiff's reply thereto (filed August 4, 2006/Docket No. 28). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

The undersigned has reviewed the plaintiff's motion and the materials and briefs submitted in support of each party's position and finds there to be genuine issues of material fact in dispute between the parties including, but not limited to, the nature of and extent to which defendants, including their agents, employees and representatives, instructed that certain cabinetry be included in the base bid for leasehold improvements at 222 South Central, Clayton, Missouri ("base bid"); the nature of and extent to which defendants, including their agents, employees and representatives, instructed that certain cabinetry be considered

alternate and/or additional work not to be included in the base bid; whether the cabinetry work instructed by defendants to be included in the base bid were in fact included in the base bid or priced as alternate work in the Estimate and Final Bid dated October 14, 2004; and whether the "work room storage cabinets with counter top upper and lower 25'," designated as alternate work in the Estimate and Final Bid dated October 14, 2004, referred to storage cabinets to be placed into Rooms 203, 204 and 208, or storage cabinets to be placed into Room 214.

In light of such questions, and viewing the evidence in the light most favorable to the defendants, the non-moving parties, the undersigned cannot say that plaintiff has met its burden of establishing all elements of its claims with such clarity as to leave no room for controversy, such that the defendants cannot prevail under any circumstances. Ralph's Distributing Co. v. AMF, Inc., 667 F.2d 670, 672 (8th Cir. 1981); K-O Enterprises, Inc. v. O'Brien, 166 S.W.3d 122, 126 (Mo. Ct. App. 2005). In addition, a review of the evidence and information before the Court shows that this Court would need to engage in credibility determinations and weigh the evidence in order to favorably determine plaintiff's Motion for Summary Judgment. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [in] ruling on a motion for summary judgment[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Tonelli v. United States, 60 F.3d 492, 494 (8th Cir. 1995) (quoting Grossman v.

Dillard Dep't Stores, 47 F.3d 969, 971 (8th Cir. 1995)).

Therefore,

**IT IS HEREBY ORDERED** that plaintiff Yorkshire Village, Inc.'s Motion for Summary Judgment (Docket No. 18) is denied.

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this _28th_ day of November, 2006.